IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01059-PAB-KLM

LINDA S. WILLIAMS and
THOMAS K. WILLIAMS,

    Plaintiffs,

v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., as nominee for
Fieldstone Mortgage Company,
U.S. BANK NATIONAL ASSOCIATION, as Trustee for Sasco 2006-BC3, and
AMERICA'S SERVICING COMPANY,

    Defendants.

---

## ORDER OF DISMISSAL

---

On August 10, 2011, the Court issued an Order to Show Cause [Docket No. 25] why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). On August 16, 2011, plaintiff Thomas K. Williams filed Plaintiffs' Response to Court's Order of August 12, 2011 [Docket No. 31]. Because Mr. Williams filed the response *pro se*, the Court will construe his pleading liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. BACKGROUND

Plaintiffs filed this case on March 17, 2011 in the District Court of Weld County, Colorado [Docket No. 2]. In the complaint, plaintiffs asserted several claims for damages and injunctive relief based on a home mortgage loan. Docket No. 2 at 3-6.

On April 21, 2011, defendants removed the case to this Court [Docket No. 1]. After receiving an extension of time to respond to the complaint, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12 [Docket No. 19] on May 20, 2011. On that same day, plaintiffs stipulated to the dismissal of an identical matter pending before the Court, *see Williams v. Mortgage Electronic Registration System, Inc.*, 11-cv-01075-PAB-KLM, stating that they intended to pursue this case exclusively.

On July 11, 2011, after the twenty-one day period in D.C.COLO.LCivR 7.1C expired without plaintiffs having responded to the motion to dismiss, the Court issued an Order to Show Cause [Docket No. 23] why the case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Plaintiffs failed to respond by the deadline of July 22, 2011. After the issuance of the July 11, 2011 Order to Show Cause, the Court learned that counsel for plaintiffs was disbarred by the Colorado Supreme Court on July 8, 2011. Thereafter, on August 10, 2011, the Court issued a second Order to Show Cause [Docket No. 25] why plaintiffs' counsel had failed to withdraw from representation of plaintiffs and why plaintiffs' case should not be dismissed for failure to prosecute. Plaintiffs were ordered to respond on or before August 22, 2011.

On August 15, 2011, the Court's mailings to plaintiffs were returned as "undeliverable." *See* Docket Nos. 29, 30. Pursuant to D.C.COLO.LCivR 10.1M, a party shall file notice of a new address "[w]ithin five days after any change of address . . . of any attorney or pro se party." Nevertheless, on August 16, 2011, Linda S. Williams and Thomas K. Williams filed *pro se* "Plaintiffs [sic] Response to Court's Order of August 12 [sic], 2011" [Docket No. 31]. The response was signed by Mr. Williams only. Given that

Mr. Williams has no authority to represent his wife, the Court will consider this response that of Mr. Williams. Mr. Williams asserts that:

1. "Plaintiffs filed this case in Weld County District Court in the State of Colorado. Defendants removed the case to Federal Court. Plaintiffs' counsel in State Court, Robert T. McAllister, never entered an appearance in this federal case nor agreed to represent Plaintiff in the U.S. District Court."

2. "Plaintiffs have not failed to prosecute this case in any manner. The Defendants have sought and received two continuances to file an answer and attend a scheduling conference."

3. "Plaintiffs were advised of the scheduling conference and planned to attend and participate in the scheduling conference on August 31, 2011."

Docket No. 31 at 1.

## II. ANALYSIS

Fed. R. Civ. P. 41(b) allows the Court to dismiss a party's claims for failure to prosecute. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). This rule is complemented by D.C.COLO.LCivR 41.1, which states: "A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice." The Tenth Circuit interprets Fed. R. Civ. P. 41(b) as impliedly bestowing the district court with the authority directly conferred by Local Rule 41.1. *Yates v. Arkin*, 242 F. App'x 478, 482 (10th Cir. 2007) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

The Court considers the following criteria in determining whether a dismissal with prejudice pursuant to Rule 41(b) is warranted: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted).

### A.  Prejudice to Defendant

Before Mr. Williams' response on August 16, 2011, plaintiffs did not file anything in this case since its removal from state court on April 21, 2011.  Moreover, plaintiffs failed to respond to defendants' motion to dismiss.  As a result, defendants were forced to file two motions to vacate and reschedule the scheduling conferences set in this case [Docket Nos. 20, 24].  Plaintiffs' failure to respond to defendants' motion to dismiss has interfered with defendants' attempt to resolve this action on the merits.  As a result, the Court finds that this prejudice to defendants is a factor that weighs in favor of dismissal with prejudice.

### B.  Interference with the Judicial Process

As noted above, plaintiffs failed to respond to the July 11, 2011 Order to Show Cause and failed to provide the Court with an updated address.  Plaintiffs' failure to comply with the Court's July 11, 2011 Order to Show Cause and the Local Rules demonstrates a lack of respect for the judicial process.  Moreover, plaintiffs' lack of response to this Court's orders has interfered with the judicial process in that the Court

has been unable to conduct a Scheduling/Planning conference in this case.  *See* Docket No. 28.  Additionally, the necessity of issuing multiple Orders to Show Cause increases the workload of the Court and interferes with the administration of justice.  Accordingly, this factor weighs in favor of dismissal with prejudice.

### C.   Culpability of Plaintiffs

Mr. Williams asserts that "Plaintiffs have not failed to prosecute this case in any manner."  Docket No. 31 at 1.  Although Mr. Williams' response demonstrates a misunderstanding of the Federal Rules of Civil Procedure, especially in regard to the effect of a motion to dismiss upon a defendant's obligation to answer a complaint, *pro se* status does not excuse plaintiffs' obligation to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Moreover, the July 11, 2011 Order to Show Cause did not require an understanding of procedural rules.  Instead, it set a deadline of July 22, 2011 for plaintiffs to respond or face dismissal of their case.  Yet plaintiffs failed to respond in any fashion.  The August 10, 2011 Order to Show Cause reiterated this directive.  Plaintiffs, however, have not provided any explanation for their failure to respond to defendants' motion to dismiss.

Mr. Williams alleges that "Defendants have sought and received two continuances."  Docket No. 31 at 1.  However, a motion asserting defenses under Rule 12(b) must be filed before an answer is filed.  Fed. R. Civ. P. 12(b).  Thus, defendants were not required to file an answer until the Court resolved the motion to dismiss.  *See* Fed. R. Civ. P. 12(a)(4).

Finally, responding to that portion of the Order to Show Cause directed at plaintiffs' counsel, plaintiffs allege that Mr. McAllister was never their attorney on this matter because he did not enter an appearance. *See* Docket No. 31. Although Mr. McAllister did not file a pleading on behalf of plaintiffs, he acted on behalf of plaintiffs after this case was removed. In their unopposed motion for an extension of time, defendants indicate that they called Mr. McAllister and conferred with him in compliance with Local Rule 7.1A about whether plaintiffs were opposed to the extension. Docket No. 15 at 1. Moreover, in subsequent filings, defendants mention that they have "conferred with counsel for plaintiffs." *See* Docket Nos. 20, 24. Since no other attorney has entered an appearance in this case, the Court assumes that defendants conferred with Mr. McAllister. Given Mr. McAllister's disbarment, one might expect plaintiffs to claim some disruption or impairment of their ability to respond to defendants' motion to dismiss or to Orders to Show Cause. Plaintiffs neither claim any such impairment nor acknowledge that Mr. McAllister represented them. The problem with this position is that plaintiffs are left with no excuse for their failure to respond to defendants' motion to dismiss or to the July 11, 2011 Order to Show Cause. Thus, this factor favors dismissal of the case with prejudice.

### D.  Advance Notice of Sanction of Dismissal

The July 11, 2011 Order to Show Cause contains the following language: "plaintiffs shall show cause why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." The August 10, 2011 Order to Show Cause reiterates the need for plaintiffs to provide reasons for their failure to prosecute. Mr. Williams does not claim that he did not receive these orders in a

timely fashion.  The Court finds that plaintiffs were given advance notice of the possible dismissal of this case if they failed to show cause.  Thus, this factor also favors dismissal with prejudice.

### E.   Efficacy of Lesser Sanction

The Court concludes that no sanction less than dismissal would be effective. Plaintiffs have failed to prosecute this case with due diligence by their failure to respond to defendants' motion to dismiss, by their failure to comply with the July 11, 2011 Order to Show Cause, and by their failure to advise the Court of a change of address. However, given that plaintiffs are *pro se*, the Court must consider whether "some sanction other than dismissal [with prejudice is appropriate], so that the party does not unknowingly lose its right of access to the courts."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).  Because plaintiffs' attorney was disbarred soon after the case was removed and because plaintiffs appear to have some misunderstanding regarding the Federal Rules of Civil Procedure, the Court believes that dismissal of this action without prejudice is warranted.  *See Ehrenhaus*, 965 F.2d at 920 n.3 ("Particularly in cases in which a party appears pro se, the court should carefully assess whether it might appropriately impose some sanction other than dismissal [with prejudice], so that the party does not unknowingly lose its right of access to the courts because of a technical violation."); *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) ("[b]ecause dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'") (citations omitted).

## III. CONCLUSION

Accordingly, it is

**ORDERED** that defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Supporting Memorandum Brief [Docket No. 19] is **DENIED as moot.** It is further

**ORDERED** that this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiffs' failure to prosecute and to obey orders of the Court.

DATED October 17, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge